***E-FILED - 7/23/08***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEODORE SHOVE, ) | No. C 08-2946 RMW (PR) |
| ) | |
| Plaintiff, ) | ORDER OF DISMISSAL |
| ) | |
| v. ) | |
| ) | |
| WARDEN AYERS, ) | |
| ) | |
| Defendant. ) | |

    Plaintiff, a prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed in forma pauperis in a separate written order. In his complaint, plaintiff claims that the prison grievance procedures are deficient. The court will dismiss the instant complaint as plaintiff fails to allege a cognizable claim under § 1983.

**DISCUSSION**

A.   Standard of Review

    Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699

Order of Dismissal
P:\pro-se\sj.rmw\cr.08\Shove946dis

1  (9th Cir. 1990). A claim that is totally incomprehensible may be dismissed as frivolous as it is
2  without an arguable basis in law. Jackson v. Arizona, 885 F.2d 639, 641 (9th Cir. 1989). To
3  state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under the color
4  of state law committed a violation of a right secured by the Constitution or laws of the United
5  States. West v. Atkins, 487 U.S. 42, 48 (1988).

6  B.    Plaintiff's Claim

7  Plaintiff's complaint alleges that his due process rights are violated because prison
8  officials refuse to comply with the prison's grievance procedures and implement safeguards such
9  as giving receipts to prisoners once grievances are filed. Because there is no constitutional right
10 to a prison administrative appeal or grievance system, see Mann v. Adams, 855 F.2d 639, 640
11 (9th Cir. 1988) (order), plaintiff fails to allege a cognizable claim under § 1983.

12 Relatedly, plaintiff further alleges that the prison's noncompliance and lack of
13 safeguards denied him access to the courts due to the exhaustion of administrative remedies
14 requirement. Prisoners have a constitutional right of access to the courts. See Lewis v. Casey,
15 518 U.S. 343, 350 (1996). To establish a claim for any violation of the right of access to the
16 courts, the prisoner must prove that there was an inadequacy in the prison's legal access program
17 that caused him an actual injury. See id., 518 U.S. at 350-55. That is, if this case is dismissed
18 for failure to administratively exhaust, there might be actual injury and plaintiff might have a
19 claim -- but at this point, he does not. See id., 518 U.S. at 348 (concluding that an inability to
20 file a claim can establish a violation of the right of access to the courts).

21 **CONCLUSION**

22 The instant complaint is hereby DISMISSED for failure to state a cognizable claim for
23 relief under § 1983.

24 The clerk shall enter judgment and close the file.

25 IT IS SO ORDERED.
26 DATED: 7/22/08

*Ronald M. Whyte*
RONALD M. WHYTE
27 United States District Judge
28

Order of Dismissal
P:\pro-se\sj.rmw\cr.08\Shove946dis