Theodore Shove
G1092
San Quentin State Prison
San Quentin, CA. 94974

FILED

AUG 0 1 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED States District Court
FOR THE NORTHERN District of CALIFORNIA

Theodore Shove,

                    Plaintiff,

          v.

WARDEN Ayers,

                    Defendant.

CASE NO: C-08-2946 RMW (PR)

Motion For Reconsideration
ON Order of Dismissal

   Plaintiff, Theodore Shove, Comes now and Motions
this Honorable Court For Reconsideration of Courts
Order of Dismissal Filed July 23rd 2008.

   The Plaintiff Supports this Motion with Memorandum
of Points and Authority and Believes this Honorable
Court Errored in ordering Dismissal of this Case
and as to issues at BAR.

   Plaintiff Prays this motion Granted Forthwith
and order's of Amendment issued to Plaintiff as
Leave to Amend Complaint. It is So Prayed.

   Respectfully Submitted this 29th day of July, 2008.

                              _____
                              Plaintiff PRO-SE
                              Theodore Shove

# Memorandum of Points and Authority

## Statement of Facts:

Plaintiff was Denied Access to, State of California Administrative Remedies "602 (grievance)" Title 15"

Plaintiff has several issues to be Raised before the United States District Court For Review if Necessary. Plaintiff Clearly did not wish to File Frivolous Complaint, where State Administrative Remedies were not exhausted. However C.D.C. Refused to Accept 602's Filed and plaintiff Lacked Proper Proof to support this claim to obtain Exhaustion of State Administrative Remedies. This Clearly Stated within plaintiff's Complaint as matter of Law. Plaintiff Clearly presented That he would Comply with U.S. District Courts Rules of Exhaustion, But injunctive Relief was needed, by U.S. District Court.

At That time with Exhaustion Completed plaintiff Readdress U.S. District Court with Amended Complaint. Plaintiff Attemptive to Resolve issues without encumbering The Honorable Courts time more Than Necessary.

## Legal Argument:

Plaintiff Must "exhaust Administrative Remedies" before Filing a Federal Civil Rights Action. 42 U.S.C. § 1997e(a) Administrative Remedies must be exhausted even if The federal Lawsuit Requests money damages and money is not a Remedy That can be obtained Through the prisoner's administrative appeal process. Booth v. Churner (2001) 253 U.S. 731 [121 S.Ct. 1819; 149 L.Ed. 2d 958; Porter v. Nussle (2002) 534 U.S. 516; 122 S.Ct. 983; 152 L.Ed. 2d.12] Thus, a prisoner who wants to bring a federal Civil Rights Suit Should always File (or at least attempt to File) a CDCR Form 602 administrative appeal Through Director's or third Level of Review. Prisoners Should make That the CDCR 602 is specific enough to give the prisoner officials Fair Notice of Their Complaint. Gomez v. Winslow (N.D. Cal. 2001) 177 F. Supp. 2d. 977, (general grievance about inadequate medical care may satisfy Exhaustion Requirements.) Irvin v. Zamora, (S.D. Cal. 2001) 161 F. Supp. 2d. 1125 (Grievance That puts officials on Notice of the potential Claims may be adequate even if it does not specifically name all defendants. 15 C.C.R. § 3084.3(c)(6)

and 3084. 6 (c).

If a prisoner's appeal is screened out as untimely to process the prisoner should challenge the screen-out and ask prison officials to process the appeal. SEE Woodford V. NGO, (2006) ___ US. ___ [126 S.Ct. 2378] (Finding prisoner had not Exhausted all available administrative Remedies when 602 Appeal was screened out as untimely and prisoner had unsuccessfully appealed the screen-out decision.)

The grievance procedure has time limits and procedure that has to be complied with, and by Denying acceptance of 602 the Due process is also Denied. The U.S. District Court Looks to Supporting Documentation to support Exhaustion Requirements. Wilson V. Garcia (1985) 471 U.S. 261, 266 [105 S.Ct. 1938; 85 L.Ed. 2d. 254]; Vaghan V. Grijalva (9th Cir 1991) 927 F.2d. 476

Former Code of Civil Procedure § 340 (3); SEE Wilson V. Garcia (1985) 471 U.S.261 [105 S.Ct. 1938; 85 L.Ed. 2d. 254]; Owen V. Okure (1989) 488 U.S. 235 [109 S.Ct. 573; 102 L. Ed. 2d. 594]; Harrison V. County of Alameda (N.D.Cal. 1989) 720 F. Supp. 783.

Plaintiff Received Court order to File a New motion for Permission to File IN Forma Pauperis, and have CDC Complete BACK page and attach account Certification. Plaintiff Filed a motion for extension to Comply and supported this motion with Evidence and Declaration in Support.

Defendants intentionally held all legal work of plaintiff so as to create a default. This Court Now over Ruled its motion for Leave to File in Forma pauperis, By Granting plaintiffs Request to proceed in forma of pauperis.

This Honorable Court CAN Grant Exhaustion of state Administrative Remedies, but its should also Grant Plaintiff Leave to Amend Complaint and Raise all issues. Plaintiff Acted in direct Compliance with Ninth Circuit Rulings in Exhausting and time Frames. For plaintiff to achieve Compliance injunctive Relief was Necessary and its Relief which Can and Should be ordered By this Honorable Court.

However if this court wishes to Exhaust State Administrative Remedies, then plaintiff must be allow to Amend his Complaint to Conform to letter of Intent (attached as Exhibit A to Complaint). These are the issues at Bar, and should order the Complaint Amended as Exhaustion of State Administrative Remedies seem to have been Granted. This clearly Removes plaintiff's Need for injunctive Relief, at the Court Cannot Claim Failure to State a Claim upon which Relief can be Granted. BALISTRERI v. Pacifica Police Dept., 901 F. 2d. 696, 699 (9th Cir. 1990)

Plaintiff clearly Stated within Claim and (attach Exhibit A to Complaint) letter of intent to Warden Robert Ayers that Denial of acceptance of 602 would Deny access to Courts By Exhaustion of State Administrative Remedies afforded Prisoners. Warden to Date has Failed to Respond and Further attempts have been made to Block Access to U.S. District Court. (SEE motion For Extention)

The Honorable Court has over Ruled Both Fed. Rules of Civil Procedure and the Honorable Ninth Circuit Court of appeals, by ordering Exhaustion of State Remedies accepted. This does Remove the Denial of Due process, and upon Exhaustion; Plaintiff Clearly Stated he would Comply with the decission of Court to Exhaust By State Remedies with injunctive Relief, or amend before the honorable Court. Clearly the Court has Chosen a path To Address Issues at Bar within letter of intent and 602's, and The Court should order the plaintiff to Amend his Complaint before this Honorable Court. SEE Lewis v. Casey, 518 U.S. 343 (1996) The Dismissal Short of Allowing plaintiff to amend would actually Cause injury to plaintiff.

CONCLUSION:

Plaintiff Prays this Court Amend its Orders to allow Plaintiff to Amend the original Complaint, as This Honorable Court has Granted Exhaustion of State Remedies. It is SO Prayed.

Respectfully Submitted This 29th day of July, 2008.

Theodure Shove
Plaintiff PRO-SE

July 29th 2008

Dear Clerk,

Please mail me a top copy with Filing Stamp impossed. I have enclosed a self addressed Postage paid Envolope.

Thank you For your time and Consideration in this most worthy Cause.

Respectfully Requested,

Theodore Shove



Theodore Shove
G11092
San Quentin State Prison-
San Quentin, CA. 94974

Legal
Mail

JUN 30   2008

Clerk of The U.S. District Court
Northern District of
Calif.
280 South First Street, Room 2112
San Jose, CA. 95113-3095

