*E-FILED - 9/11/08*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| THEODORE SHOVE, | ) | No. C 08-2946 RMW (PR) |
| | ) | |
| Plaintiff, | ) | ORDER VACATING |
| | ) | JUDGMENT AND GRANTING |
| v. | ) | PLAINTIFF THIRTY DAYS TO |
| | ) | FILE AMENDED COMPLAINT |
| WARDEN AYERS, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, a prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. On July 23, 2008, the court dismissed his complaint for failure to allege a cognizable claim under § 1983. Plaintiff has filed a motion for reconsideration (docket no. 8). For the reasons stated below, the court will treat plaintiff's motion as one for relief under Rule 60(b) of the Federal Rules of Civil Procedure and will grant the motion to avoid a possible miscarriage of justice. Plaintiff is given thirty days leave to file an amended complaint.

Motions to set aside judgments under Rule 60(b) may be granted for any reason justifying relief. Fed. R. Civ. P. 60(b).

In the court's initial review, the court understood plaintiff's complaint to complain of deficiencies in the prison grievance procedure and to allege that plaintiff was denied access to the courts due his inability to exhaust based on grievance deficiencies. The court dismissed the complaint, citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) (order) and Lewis v. Casey,

518 U.S. 343, 348 (1996) because such allegations failed to state a cognizable claim.

In his motion, plaintiff now explains claims that he was attempting to exhaust his administrative appeals in order to file a federal civil rights suit but was being prevented from doing so by prison officials. Accordingly, he originally filed his complaint requesting only injunctive relief so that he could properly exhaust his claims and proceed to filing a federal civil rights complaint. Plaintiff also states in his current motion that the exhibit attached to his complaint should be construed as a "letter of intent," in which he raises other claims that he was trying to exhaust in order to raise them in a federal civil rights complaint. Plaintiff's motion for reconsideration alleges that he also wishes to include the claims mentioned in the exhibit to his complaint as part of his complaint and requests permission to amend his complaint rather than having to file a new case.

Without inclusion of the proposed amended complaint, the court cannot determine whether the proposed amendment would state any cognizable claims. Mindful of the court's duty to construe pro se pleadings liberally, see Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005), and in light of plaintiff's stated intention of raising potentially cognizable claims, the court will allow plaintiff thirty days in which to file an amended complaint.

Plaintiff may file an amended complaint **within thirty days** of the date this order is filed. If the plaintiff files an amended complaint, the plaintiff should include in addition to facts supporting any claimed civil rights violation the specific facts showing that the claim has been exhausted, that he was prevented from exhausting or that any attempt to exhaust would be futile. If plaintiff's amended complaint meets the pleading requirements for a cognizable claim or claims, the court will order service on defendants. Failure to file an amended complaint with cognizable claims within the court's deadline will result in the court's reinstatement of the judgment of dismissal.

## CONCLUSION

1. Plaintiff may file an amended complaint within **thirty days** from the date this order is filed. The amended complaint must include the caption and civil case number used in this order (C 08-2946 RMW (PR)) and the words "AMENDED COMPLAINT" on the first page

1  of the enclosed form.  Because an amended complaint completely replaces the original
2  complaint, plaintiff must include in it all the claims he wishes to present.  See Ferdik v.
3  Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Plaintiff may not incorporate material from the
4  original complaint, such as exhibits or supporting documentation of his prison administrative
5  appeal, by reference.  Plaintiff must include all of his claims and name all defendants in the
6  amended complaint.  **Failure to file an amended complaint within the designated time will**
7  **result in the court's denial of plaintiff's motion for reconsideration and the case remaining**
8  **terminated.**

9  IT IS SO ORDERED.

11 DATED: 9/10/08

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

Order Granting Plaintiff Thirty Days to File Amended Complaint
P:\PRO-SE\SJ.Rmw\CR.08\Shove946lta2.wpd         3