1

2

3

4

5

6                                          *E-FILED - 11/12/08*

7

8

9                IN THE UNITED STATES DISTRICT COURT

10              FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

THEODORE SHOVE,                    )        No. C 08-2946 RMW (PR)
12                                 )
                Plaintiff,         )        PARTIAL DISMISSAl; ORDER
13                                 )        OF SERVICE; DIRECTING
    v.                             )        DEFENDANTS TO FILE
14                                 )        DISPOSITIVE MOTION OR
WARDEN AYERS,                      )        NOTICE REGARDING SUCH
15                                 )        MOTION
                Defendant.         )
16 _____)

17        Plaintiff, a prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C.

18  § 1983.  On July 23, 2008, the court dismissed his complaint for failure to allege a cognizable

19  claim under § 1983.  On September 11, 2008, the court vacated its judgment and, upon

20  reconsideration, granted plaintiff thirty days to file an amended complaint with cognizable

21  claims.  On October 6, 2008, plaintiff filed an amended complaint as ordered.   The court will

22  order service of the complaint on the named defendants.

23                                    **DISCUSSION**

24  A.    Standard of Review

25        Federal courts must engage in a preliminary screening of cases in which prisoners

26  seek redress from a governmental entity or officer or employee of a governmental entity.  28

27  U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any

28

Partial Dismissal; Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding Such
Motion
P:\PRO-SE\SJ.Rmw\CR.08\Shove946srv.wpd

1  claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or

2  seek monetary relief from a defendant who is immune from such relief.  Id. at 1915A(b)(1),(2).

3  Pro se pleadings must, however, be liberally construed.  Balistreri v. Pacifica Police Dep't, 901

4  F.2d 696, 699 (9th Cir. 1988).

5         To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

6  elements:  (1) that a right secured by the Constitution or laws of the United States was violated,

7  and (2) that the alleged deprivation was committed by a person acting under the color of state

8  law.  West v. Atkins, 487 U.S. 42, 48 (1988).

9  B.    Plaintiff's Claim

10        Plaintiff alleges that defendants were deliberately indifferent to his serious medical

11 needs.  Specifically, he states that on October 5, 2004, when he was detained in a Los Angeles

12 County facility, he was diagnosed with extremely high blood pressure, diabetes, server allergies,

13 and prescribed specially made shoes and medication.  When he was transferred to San Quentin

14 State Prison, defendants disregarded plaintiff's requests for continued medication when his

15 medication ran out and, defendants took away his specially made shoes as well.  The lack of

16 medication resulted plaintiff being covered in bleeding sores and plaintiff being in extreme pain

17 in his feet, knees, back and hip,  Liberally construed, plaintiff has stated a cognizable claim of a

18 violation of his Eighth Amendment right to be free from cruel and unusual punishment.

19 C.    Doe Defendants

20        Plaintiff names three "Doe" defendants in his complaint.  The use of Doe defendants is

21 not favored in the Ninth Circuit.  See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980).

22 However, where the identity of alleged defendants cannot be known prior to the filing of a

23 complaint the plaintiff should be given an opportunity through discovery to identify them.  Id.

24 Failure to afford the plaintiff such an opportunity is error.  See Wakefield v. Thompson, 177

25 F.3d 1160, 1163 (9th Cir. 1999).  Accordingly, the claim against Doe defendants is dismissed

26 from this action without prejudice.  Should plaintiff learn the identity of Doe defendants through

27 discovery, he may move to file an amendment to the complaint to add them as named

28

Partial Dismissal; Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding Such
Motion
P:\PRO-SE\SJ.Rmw\CR.08\Shove946srv.wpd       2

1    defendants.  See Brass v. County of Los Angeles, 328 F.3d 1192, 1195-98 (9th Cir. 2003).

2                                                **CONCLUSION**

3        1.      Plaintiff's claim against Doe defendants is DISMISSED without prejudice and

4    with leave to amend.

5        2.      The clerk of the court shall issue summons and the United States Marshal shall

6    serve, without prepayment of fees, a copy of the complaint, all attachments thereto, and a copy

7    of this order upon: **Warden Robert Ayers** and **Dr. Davy Wu** at the **San Quentin State Prison**

8    in **San Quentin, Californi.**  The clerk shall also mail a courtesy copy of this order and the

9    complaint, with all attachments thereto, to the **California Attorney General's Office**.

10       3.      No later than **sixty (60) days** from the date of this order, defendants shall file a

11   motion for summary judgment or other dispositive motion with respect to the claims in the

12   complaint as set forth above, or notify the court that they are of the opinion that this case cannot

13   be resolved by such a motion.

14           a.      If defendant elects to file a motion to dismiss on the grounds that plaintiff

15   failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a),

16   defendant shall do so in an unenumerated Rule 12(b) motion pursuant to Wyatt v. Terhune, 315

17   F.3d 1108, 1119-20 (9th Cir. 2003).

18           b.      Any motion for summary judgment shall be supported by adequate factual

19   documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil

20   Procedure.  **Defendant is advised that summary judgment cannot be granted, nor qualified**

21   **immunity found, if material facts are in dispute.  If any defendant is of the opinion that this**

22   **case cannot be resolved by summary judgment, he shall so inform the court prior to the**

23   **date the summary judgment motion is due.**

24       4.      Plaintiff's opposition to the dispositive motion shall be filed with the court and

25   served on defendant no later than **thirty (30) days** from the date defendant's motion is filed.

26           a.      In the event defendant files an unenumerated motion to dismiss under

27

28

Partial Dismissal; Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding Such
Motion
P:\PRO-SE\SJ.Rmw\CR.08\Shove946srv.wpd          3

1  Rule 12(b), plaintiff is hereby cautioned as follows:[1]

2          The defendants have made a motion to dismiss pursuant to Rule 12(b) of
   the Federal Rules of Civil Procedure, on the ground you have not exhausted your
3  administrative remedies.  The motion will, if granted, result in the dismissal of
   your case.  When a party you are suing makes a motion to dismiss for failure to
4  exhaust, and that motion is properly supported by declarations (or other sworn
   testimony) and/or documents, you may not simply rely on what your complaint
5  says.  Instead, you must set out specific facts in declarations, depositions, answers
   to interrogatories, or documents, that contradict the facts shown in the defendant's
6  declarations and documents and show that you have in fact exhausted your
   claims.  If you do not submit your own evidence in opposition, the motion to
7  dismiss, if appropriate, may be granted and the case dismissed.

8          b.      In the event defendant files a motion for summary judgment, the

9  Ninth Circuit has held that the following notice should be given to plaintiffs:

10         The defendants have made a motion for summary  judgment by which
   they seek to have your case dismissed.  A motion for summary judgment under
11 Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

12         Rule 56 tells you what you must do in order to oppose a motion for
   summary judgment.  Generally, summary judgment must be granted when there is
13 no genuine issue of material fact--that is,  if there is no real dispute about any fact
   that would affect the result of your case, the party who asked for summary
14 judgment is entitled to judgment as a matter of law, which will end your case.
   When a party you are suing makes a motion for summary judgment that is
15 properly supported by declarations (or other sworn testimony), you cannot simply
   rely on what your complaint says.  Instead, you must set out specific facts in
16 declarations, depositions, answers to interrogatories, or authenticated documents,
   as provided in Rule 56(e), that contradict the facts shown in the defendants'
17 declarations and documents and show that there is a genuine issue of material fact
   for trial.  If you do not submit your own evidence in opposition, summary
18 judgment, if appropriate, may be entered against you.  If summary judgment is
   granted in favor of defendants, your case will be dismissed and there will be no
19 trial.

20

   See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  Plaintiff is advised to read
21
   Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317
22
   (1986) (holding party opposing summary judgment must come forward with evidence showing
23
   triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that
24
   failure to file an opposition to defendant's motion for summary judgment may be deemed to be a
25

26
   _____

27     [1]The following notice is adapted from the summary judgment notice to be given to pro se
   prisoners as set forth in Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  See
28 Wyatt v. Terhune, 315 F.3d at 1120 n.14.

   Partial Dismissal; Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding Such
   Motion
   P:\PRO-SE\SJ.Rmw\CR.08\Shove946srv.wpd          4

1 consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff

2 without a trial.  See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges

3 v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

4      5.     Defendant shall file a reply brief no later than **fifteen (15) days** after plaintiff's

5 opposition is filed.

6      6.     The motion shall be deemed submitted as of the date the reply brief is due.  No

7 hearing will be held on the motion unless the court so orders at a later date.

8      7.     All communications by the plaintiff with the court must be served on defendant,

9 or defendant's counsel once counsel has been designated, by mailing a true copy of the

10 document to defendant or defendant's counsel.

11      8.     Discovery may be taken in accordance with the Federal Rules of Civil Procedure.

12 No further court order is required before the parties may conduct discovery.

13      For plaintiff's information, the proper manner of promulgating discovery is to send

14 demands for documents or interrogatories (questions asking for specific, factual responses)

15 directly to defendants' counsel.  See Fed. R. Civ. P. 33-34.  The scope of discovery is limited to

16 matters "relevant to the claim or defense of any party . . ."  See Fed. R. Civ. P. 26(b)(1).

17 Discovery may be further limited by court order if "(i) the discovery sought is unreasonably

18 cumulative or duplicative, or is obtainable from some other source that is more convenient, less

19 burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by

20 discovery in the action to obtain the information sought; or (iii) the burden or expense of the

21 proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(2).  In order to comply

22 with the requirements of Rule 26, before deciding to promulgate discovery plaintiff may find it

23 to his benefit to wait until defendants have filed a dispositive motion which could include some

24 or all of the discovery plaintiff might seek.  In addition, no motion to compel will be considered

25 by the Court unless the meet-and-confer requirement of Rule 37(a)(2)(B) and N.D. Cal. Local

26 Rule 37-1 has been satisfied.  Because plaintiff is detained, he is not required to meet and confer

27 with defendants in person.  Rather, if his discovery requests are denied and he intends to seek a

28

Partial Dismissal; Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion
P:\PRO-SE\SJ.Rmw\CR.08\Shove946srv.wpd     5

1  motion to compel he must send a letter to defendants to that effect, offering them one last

2  opportunity to provide him with the sought-after information.

3        9.     It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court

4  and all parties informed of any change of address and must comply with the court's orders in a

5  timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute

6  pursuant to Federal Rule of Civil Procedure 41(b).

7       IT IS SO ORDERED.

8  DATED: _11/7/08_____

 for

    RONALD M. WHYTE

9      United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Partial Dismissal; Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding Such
Motion
P:\PRO-SE\SJ.Rmw\CR.08\Shove946srv.wpd     6