*E-FILED - 6/3/09*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEODORE SHOVE, | No. C 08-2946 RMW (PR) |
| Plaintiff, | ORDER GRANTING DEFENDANTS' MOTION TO DISMISS, DENYING PLAINTIFF'S AND DEFENDANTS' MOTIONS TO STRIKE, AND DENYING PLAINTIFF'S MOTION FOR RECUSAL |
| v. | |
| WARDEN AYERS et al., | |
| Defendants. | |
| | (Docket Nos. 41, 50, 51, 57) |

Plaintiff, a prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. On February 27, 2009, defendants filed a motion to dismiss the complaint based on plaintiff's failure to exhaust administrative remedies. On March 17, 2009, plaintiff filed an opposition and a motion to strike defendants' motion as scandalous. He also filed a motion for recusal of this court. On April 10, 2009, defendants filed a reply in support of their motion. On April 27, 2009, plaintiff filed a document titled "Plaintiff's Reply to Defendants' Response to Plaintiff's Opposition." On April 29, 2009, defendants filed a motion to strike plaintiff's reply to response. On May 8, 2009, plaintiff filed an opposition to defendants' motion to strike. For the reasons explained below, the court GRANTS defendants' motion to dismiss and dismisses this action without prejudice. The

court also DENIES plaintiff's and defendants' motions to strike and plaintiff's motion for recusal.

**A.     Defendants' Motion to Dismiss for Failure to Exhaust**

   **1.   Standard of Review**

The Prison Litigation Reform Act ("PLRA") of 1995 amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and not left to the discretion of the district court. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)). Exhaustion is a prerequisite to all prisoner lawsuits concerning prison life, whether such actions involve general conditions or particular episodes, whether they allege excessive force or some other wrong, and even if they seek relief not available in grievance proceedings, such as money damages. *Porter v. Nussle*, 534 U.S. 516, 524, 532 (2002).

The PLRA exhaustion requirement requires "proper exhaustion" of available administrative remedies. *Woodford*, 548 U.S. at 85. The Ninth Circuit has interpreted the requirement to mean that an action must be dismissed unless the prisoner exhausted his available administrative remedies before he or she filed suit, even if the prisoner fully exhausts while the suit is pending. *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002); *see also Vaden v. Summerhill*, 449 F.3d 1047, 1051 (9th Cir. 2006) (where administrative remedies are not exhausted before the prisoner sends his complaint to the court it will be dismissed even if exhaustion is completed by the time the complaint is actually filed).

Non-exhaustion under § 1997e(a) is an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 216 (2007), *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). Defendants have the burden of raising and proving the absence of exhaustion, and

inmates are not required specifically to plead or demonstrate exhaustion in their complaints. *Jones*, 549 U.S. at 216. A non-exhaustion claim should be raised in an unenumerated motion to dismiss rather than in a motion for summary judgment. *Wyatt*, 315 F.3d at 1119. In deciding such a motion, the court may look beyond the pleadings and decide disputed issues of fact.[1] *Id.* at 1119-20.

The State of California provides its inmates and parolees the right to appeal administratively "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. Title 15, § 3084.1(a). It also provides its inmates the right to file administrative appeals alleging misconduct by correctional officers. *See id.* § 3084.1(e). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections. *Id.* § 3084.5; *Barry v. Ratelle*, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997). This satisfies the administrative remedies exhaustion requirement under § 1997e(a). *Barry*, 985 F. Supp. at 1237-38.

**2.     Analysis**

Defendants assert that according to the Department of Corrections' records, plaintiff has submitted six grievances since he was transferred to San Quentin. Declaration of E. Messick in Support of Defendants' Motion to Dismiss ("Messick Decl."), ¶ 4 & Exs. A & B; Declaration of T. Jackson in Support of Defendants' Motion to Dismiss ("Jackson Decl."), ¶¶ 5-6 & Exs. A-C. The only grievance plaintiff submitted before filing this action was the grievance log number CSQ-2-08-01427, dated May 1,

---

[1] If the court looks beyond the pleadings in deciding an unenumerated motion to dismiss for failure to exhaust -- a procedure closely analogous to summary judgment -- the prisoner must have fair notice of his opportunity to develop the record. *Id.* at 1120 n.14. Because plaintiff has filed many documents supporting his opposition, the court concludes that he has had fair notice to develop the record.

2008. Messick Decl., ¶ 4 & Ex. A.[2]  In the grievance, plaintiff complained of deliberate indifference to medical needs based on denial of medication, orthopedic shoes, and special accommodations for his wrists and allergies. *Id.*, Ex. A.  Plaintiff's grievance was partially granted at the informal level of review on May 12, 2008. Messick Decl., ¶ 4 & Ex. A.  Dissatisfied with the resolution, plaintiff submitted a first level formal appeal on May 22, 2008. *Id.*  On May 28, 2008, the appeals coordinator sent plaintiff an Inmate Appeal Assignment Notice, which advised him that the decision at the first formal level was due on or before July 10, 2008. *See* Plaintiff's Response to Defendants Motion to Dismiss F.R.C.P. Rule 12(b) and Plaintiff's Motion to Strike ("Pl's Opp."), Ex. 2 (also referred to as Exhibit D); *see also* Messick Decl., Ex. A; Cal. Code Regs. Title 15, § 3084.6(b)(2) (prison officials have 30 working days to complete the response at the first formal level of review).  On May 30, 2008, plaintiff sent a letter to the appeals coordinator acknowledging that he received the notice, elaborating further on the issues in his grievance, and informing that he had additional evidence to support his claim and "assist in the grievance review" and that he would ask his attorneys to make copies of the evidence on June 3, 2008.  Pl's Opp., Ex. 3 (also referred to as Exhibit E).  Plaintiff filed the instant action on June 12, 2008.  Plaintiff's grievance was partially granted at the first formal level of review on June 17, 2008, five days after he filed his action and thirteen days before its due date.  *See* Messick Decl., Ex. A.  Plaintiff did not appeal the first level decision to the second formal level of review and to the director's level.

Defendants claim that plaintiff has not exhausted grievance log number CSQ-2-08-01427, dated May 1, 2008.  Declaration of N. Grannis in Support of Defendants' Motion to Dismiss ("Grannis Decl."), ¶ 5 & Ex. A.  Nor could he do so, since the first-level decision was not due or completed until after plaintiff filed his action.  Defendants' Reply to Plaintiff's Opposition to Motion to Dismiss under Rule 12(b) ("Defs' Reply") at 3.  In

---

[2] The court does not need to address grievances submitted after plaintiff filed the instant action. *See McKinney*, 311 F.3d at 1199 (prisoner must exhaust his available administrative remedies *before* he filed the suit, even if the prisoner fully exhausts while the suit is pending).

his amended complaint, plaintiff admits that he did not complete the grievance procedure. Am. Compl. at 2. He explains it as follows: "Because failure to respond by prison staff, and when I finally got a response they procedurally defaulted and complaint was filed. Based upon letter of intent and failure to comply by prison staff."[3] *Id.* Plaintiff appears to have sent two "letters of intent" to defendant Ayers (warden of San Quentin). *See* Pl's Opp., Exs. 1 & 4 (also referred to as Exhibits A & B). One letter was dated May 15, 2008 and complained, *inter alia*, of prison officials' refusal to respond to the grievances plaintiff submitted within administrative segregation lockup, restrictions on access to the law library, and deliberate indifference to serious medical needs. Plaintiff did not identify any specific grievances that he filed and did not receive a response to. *See id.*, Ex. 1. The other letter was dated June 8, 2008, and complained, *inter alia*, of Ayers not responding to plaintiff's May 15 letter. Plaintiff also informed Ayers that he was liable as a supervisor and would receive service shortly. *Id.*, Ex. 4.

Based on the above facts, the court finds that at the time plaintiff filed the instant action, he still had administrative remedies available to him, and he failed to exhaust such remedies. Specifically, plaintiff's first-level appeal was not resolved yet, and once it was resolved, plaintiff could appeal the resolution to the second and director's level of review. Accordingly, his complaint must be dismissed. *See McKinney*, 311 F.3d at 1199-1201 (concluding that action must be dismissed without prejudice unless prisoner exhausted available administrative remedies before he filed suit, even if prisoner fully exhausts while the suit is pending).

Plaintiff appears to claim that he is entitled to an exception to the exhaustion requirement because prison officials obstructed his attempt to exhaust or did not follow procedures for processing grievances. *See* Am. Compl. at 2; Pl's Opp. at 2. As an initial matter, it is unclear whether any exceptions can be made to the exhaustion requirement.

---

[3] The issue of procedural default does not appear to be related to the grievance log number CSQ-2-08-01427, dated May 1, 2008.

*See Ngo v. Woodford*, 539 F.3d 1108, 1110 (9th Cir. 2008) ("[i]t is unclear whether we can read exceptions into the PLRA's exhaustion requirement"). In *Booth*, 532 U.S. at 741 n. 6, the Supreme Court cautioned against reading futility or other exceptions into the exhaustion requirement. However, in *Woodford*, Justice Breyer in a concurring opinion reasoned that the exhaustion requirement is not absolute and certain facts may justify exceptions. 548 U.S. at 103-04.

Even assuming that there are such exceptions to the exhaustion requirement, the evidence to which plaintiff points does not support finding an exception in the instant action. To the contrary, the record shows that prison officials actually followed the proper procedures and timely responded to the grievance plaintiff submitted on May 1, 2008.[4] On May 28, 2008, prison officials notified plaintiff that the decision on his first-level appeal was due on or before July 10, 2008. Pl's Opp., Ex. 2. Plaintiff acknowledged that he received the notice and that he wanted to resolve the issue at this level. *Id*., Ex. 3. However, instead of waiting for prison officials to issue a decision, plaintiff filed his federal action on June 12, 2008. Plaintiff's failure to follow the prison's grievance procedures deprived the prison of the opportunity to evaluate the particular facts of his case and resolve plaintiff's claims. *See Woodford*, 548 U.S. at 89 (the purpose of the exhaustion requirement is to allow the prison an opportunity to correct its own mistakes). Plaintiff's letters to defendant Ayers neither excused plaintiff's failure nor relieved him from proceeding through all the steps in the grievance process. *See* Cal. Code Regs., Title 15 § 3084.2(c) (inmates must submit administrative grievances to the appeals coordinator, not the warden); *see also Woodford*, 548 U.S. at 91, 93 (exhaustion under the PLRA requires "compliance with an agency's deadlines and other critical procedural rules"); *Wilson v. Wann,* No. CIV S-06-1629 GEB KJM P, 2008 WL 4166886, at *2 (E.D. Cal. Sept. 8, 2008) (plaintiff's letters to the Office of the Inspector General,

---

[4] Plaintiff has not presented any evidence that he filed additional grievances before filing the instant action on June 12, 2008.

Order Granting Defendants' Motion to Dismiss, Denying Plaintiff's and Defendants' Motions to Strike, and Denying Plaintiff's Motion for Recusal
P:\PRO-SE\SJ.Rmw\CR.08\Shove946mtd.wpd          6

1  Office of Internal Affairs and the Warden were insufficient to show exhaustion).
2  Accordingly, the court finds that plaintiff has not presented any extraordinary
3  circumstances which might compel that he be excused from complying with PLRA's
4  exhaustion requirement.
5      Because plaintiff failed to properly exhaust his claim, defendants' motion to
6  dismiss is GRANTED.

7  **B.    Plaintiff's Motion to Strike**

8      Along with his opposition, plaintiff filed a motion to strike, pursuant to Federal
9  Rule of Civil Procedure 12(f), defendants' motion to dismiss. Pl's Opp. at 1 and 14-15.
10 Plaintiff claims that defendants' motion is scandalous and that declarations filed in
11 support of the motion are fraudulent because plaintiff has not received any response to his
12 grievances. *Id*. at 14. Rule 12(f) authorizes a court (upon proper showing) to "strike
13 from a pleading an insufficient defense or any redundant, immaterial, impertinent, or
14 scandalous matter." Neither a motion to dismiss nor evidence submitted in support of it
15 constitutes a "pleading." *See* Fed. R. Civ. P. 7; *York v. Ferris State Univ*., 36 F. Supp. 2d
16 976, 980 (W.D. Mich. 1998) (denying defendants' motion to strike affidavit because Rule
17 12(f) applies only to "pleadings"); *Fietz v. Southland Nat. Ins. Corp*., No. 05-64, 2007
18 WL 4353794, at *4 (W.D. La. Dec. 7, 2007) (noting that defendants' motion to strike
19 plaintiff's motion for summary judgment was not the proper procedural vehicle because
20 Rule 12(f) applies only to "pleadings"). Because Rule 12(f) provides no basis for
21 plaintiff's motion to strike, the motion is DENIED.[5]

22 **C.    Defendants' Motion to Strike**

23     On April 27, 2009, seventeen days after defendants filed their reply in support of
24 motion to dismiss, plaintiff filed a document titled "Plaintiff's Reply to Defendants'
25 Response to Plaintiff's Opposition." In that filing, plaintiff argues that defendants' reply

---

[5] The court also notes that plaintiff's allegation that he has not received any response from prison officials is not supported by any evidence. In fact, it is contradicted by the evidence plaintiff submitted in support of his opposition and motion to strike, specifically the May 28, 2008 notice from appeals coordinator and his May 30, 2008 letter to appeals coordinator.

Order Granting Defendants' Motion to Dismiss, Denying Plaintiff's and Defendants' Motions to Strike, and Denying Plaintiff's Motion for Recusal
P:\PRO-SE\SJ.Rmw\CR.08\Shove946mtd.wpd      7

in support of their motion to dismiss was untimely. On April 29, 2009, defendants filed a motion to strike plaintiff's "reply to response." Defendants argue that plaintiff failed to comply with Civil Local Rule 7-3(d) by submitting supplemental materials without leave of court after the motion was fully briefed. Defendants also add that their reply brief was timely. On May 8, 2009, plaintiff filed an opposition to defendants' motion to strike, arguing that his "reply to response" was appropriate because it was a reply brief in support of his motion to strike. The court will treat plaintiff's "reply to response" as a reply brief in support of his motion to strike. Accordingly, the court DENIES defendants' motion to strike.[6]

### D.     Plaintiff's Motion for Recusal

Along with his opposition to defendants' motion to dismiss and his motion to strike, plaintiff also filed a motion for recusal of the court. Plaintiff argues that the court (1) has been ignoring his motions and requests while granting defendants' motions; (2) has been engaging in an "ex-parte relationship" with defense counsel by "dictating the Defense to the Defendants and under what Rules they should file their Dispositive Motion"; (3) has refused to take any action with respect to alleged criminal misconduct by defendants and State Attorney General's Office, and (4) has refused to protect plaintiff from defendants' denial of plaintiff's serious medical needs. Pl's Motion for Recusal at 1; Pl's Opp. at 12-13 (emphasis omitted).

Recusal is appropriate where a "reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993) (citation omitted). As a federal judge is presumed to be impartial, a substantial burden is imposed on the party claiming bias or prejudice to show that this is not the case. *United States v. Zagari*, 419 F. Supp. 494, 506 n.30 (N.D. Cal. 1976). Here, the court finds plaintiff's motion does not meet this burden.

---

[6] The court also finds that defendants' reply brief filed on April 10, 2009 was timely because defendants had until April 23, 2009 to file their reply brief. *See* January 23, 2009 Order Granting Defendants' Motion for Extension of Time to File Dispositive Motion.

First, plaintiff's assertion that the court addressed only defendants' motions and none of plaintiff's motions is not accurate.  The court has ruled on motions and requests by both parties.   Second, the court's adverse rulings are not an adequate basis for recusal.  *See Leslie v. Grupo ICA*, 198 F.3d 1152, 1160 (9th Cir. 1999); *see also United States v. Holland*, 501 F.3d 1120, 1123 (9th Cir. 2007 ) ("in the absence of a legitimate reason to recuse himself, a judge has a duty to sit in judgment in all cases coming before him"). Finally, allegations regarding criminal misconduct are not part of this action.  This action involves petitioner's claim of deliberate indifference to serious medical needs.  *See* November 12, 2008 Order of Service.  Accordingly, the court cannot grant plaintiff relief in connection with those allegations.  Nor can the court grant plaintiff relief with respect to his claim of deliberate indifference.  As discussed above, plaintiff failed to exhaust his administrative remedies with respect to his claim and, therefore, it must be dismissed. Accordingly, plaintiff's motion for recusal is DENIED.

## CONCLUSION

1.	Defendants' motion to dismiss (docket no. 41) is GRANTED.  The instant action is DISMISSED without prejudice.  Plaintiff may choose to file a new complaint after exhausting California's administrative remedies.

2.	Plaintiff's motion to strike defendants' motion to dismiss (docket no. 51) is DENIED.

3.	Defendants' motion to strike plaintiff's reply (docket no. 57) is DENIED.

4.	Plaintiff's motion for recusal (docket no. 50) is DENIED.

5.	All other pending motions are TERMINATED.

6.	The clerk shall close the file.

IT IS SO ORDERED.

DATED:	___6/3/09_____

_____
RONALD M. WHYTE
United States District Judge

Order Granting Defendants' Motion to Dismiss, Denying Plaintiff's and Defendants' Motions to Strike, and Denying Plaintiff's Motion for Recusal
P:\PRO-SE\SJ.Rmw\CR.08\Shove946mtd.wpd        9