*E-FILED - 8/25/09*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| THEODORE SHOVE, | ) | No. C 08-2946 RMW (PR) |
| Plaintiff, | ) ) | ORDER DENYING PLAINTIFF'S MOTION FOR |
| v. | ) ) | RECONSIDERATION |
| WARDEN AYERS et al., | ) | (Docket No. 62) |
| Defendants. | ) ) ) | |

Plaintiff, a prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. On June 3, 2009, the court dismissed plaintiff's complaint for failing to exhaust administrative grievances. On June 19, 2009, plaintiff filed a motion for reconsideration. Where, as here, the court's ruling has resulted in a final judgment or order, a motion for reconsideration may be based either on Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure.

The denial of a motion for reconsideration under Rule 59(e) is construed as a denial of relief under Rule 60(b). See McDowell v. Calderon, 197 F.3d 1253, 1255 n.3 (9th Cir. 1999) (citation omitted) (en banc). A motion for reconsideration under Rule 59(e) "'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the law.'" Id.

1   at 1255 (citation omitted).  A district court does not commit clear error warranting

2   reconsideration when the question before it is a debatable one.  See id. at 1256.

3         Rule 60(b) of the Federal Rules of Civil Procedure provides for reconsideration where

4   one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect;

5   (2) newly discovered evidence that by due diligence could not have been discovered before the

6   court's decision; (3) fraud by the adverse party; (4) voiding of the judgment; (5) satisfaction of

7   the judgment; (6) any other reason justifying relief.  See Fed. R. Civ. P. 60(b); School Dist. 1J v.

8   ACandS Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).  Although couched in broad terms,

9   subparagraph (6) requires a showing that the grounds justifying relief are extraordinary.

10  Twentieth Century - Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1981).

11        Finally, motions for reconsideration should not be frequently made or freely granted;

12  they are not a substitute for appeal or a means of attacking some perceived error of the court.

13  See Twentieth Century - Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1981).

14  "[T]he major grounds that justify reconsideration involve an intervening change of controlling

15  law, the availability of new evidence, or the need to correct a clear error or prevent manifest

16  injustice."  Pyramid Lake Paiute Tribe of Indians v. Hodel, 882 F.2d 364, 369 n.5 (9th Cir. 1989)

17  (citation omitted).

18        Plaintiff alleges, inter alia, that the prison grievance system is dysfunctional and obstructs

19  his access to the courts.  Specifically, plaintiff alleges he is being prevented from exhausting his

20  claims.  In support of his claim, he states that he attempted to exhaust his grievance again on

21  January 8, 2009, and was screened out at the third level.  Plaintiff insists this denies his ability to

22  exhaust and therefore, denies his access to the courts.[1]

23        Plaintiff allegations provide no valid grounds for reconsideration of the court's

24  conclusion that he failed to exhaust his administrative remedies.  See McKinney v. Carey, 311

25  F.3d 1198, 1199 (9th Cir. 2002) (action must be dismissed unless prisoner exhausted available

---

[1] The court notes that the third level of review did not prohibit plaintiff from exhausting. Rather, the third level of review screened out the appeal because it did not comply with appeal procedures established by the California Code of Regulations.  Plaintiff was directed to resubmit his appeal to raise all issues at the informal and formal levels of review.

Order Denying Plaintiff's Motion for Reconsideration
P:\PRO-SE\SJ.Rmw\CR.08\Shove946rec.wpd      2

1  administrative remedies before filing suit, even if prisoner fully exhausts while suit is pending).

2      IT IS SO ORDERED.

3  DATED: __8/24/09_____  *Ronald M. Whyte*

4                                                     RONALD M. WHYTE
United States District Judge